UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

YAREE WALKER
6803 Park Ridge Drive
Madison, WI 53719

     Plaintiff,

v.                                                                Case No: 25-CV-1052

WALMART, INC.                                        **JURY TRIAL DEMANDED**
1 Customer Drive
Bentonville, AR 72716

     Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Yaree Walker, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101 *et seq.,* and the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 794, *et seq.*

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Western District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Yaree Walker, is an adult male resident of the State of Wisconsin, residing in Dane County at 6803 Park Ridge Drive, Madison, WI 53719.

4. Defendant, Walmart, Inc., was, at all times material herein, a foreign corporation with a principal address of 1 Customer Drive, Bentonville, Arkansas 72716, doing substantial business in the State of Wisconsin in interstate commerce at 7202 Watts Road, Madison, Wisconsin 53719.

## THE FACTS

5. Defendant is a covered employer for purposes of the ADAAA and the Rehab Act. Defendant receives federal funds in connection with employing disabled individuals at its locations.

6. Plaintiff is a qualified individual with disabilities, including, but not limited to, sickle cell SS disease, cognitive impairments, communication difficulties, and learning disabilities. He has an approximate IQ of 61.

7. Plaintiff's severe sickle cell SS disease requires several daily medications and frequent blood transfusions, sometimes requiring hospitalization. His sickle cell disease is very painful, and it can cause organ damage, serious infections, or even stroke and brain damages.

8. Plaintiff was placed with Defendant at its Watts Road location through his school system's IEP 18-21 transition program with assistance from Wisconsin's Department of Vocational Rehabilitation. Contractor Feist Vocational Counseling & Placement LLC assisted Plaintiff with job coaching and other services, including during his work at Defendant.

9. Plaintiff began working for Defendant on April 23, 2022 as an associate in Walmart's Seasonal Department. His initial work schedule was Monday, Wednesday and Friday from 11:00 a.m. to 4:00 p.m., and Sunday from 1:00 to 5:00 p.m.

10. At all times material herein, Defendant knew about Plaintiff's disabilities.

11. Two days after Plaintiff started work at Defendant, Defendant changed his work hours to Monday, Wednesday and Friday from 3:00 to 9:00 p.m., and weekends from 9:00 a.m. to 5:00 p.m.

12. At all times material herein, Plaintiff performed his work duties in accordance with the reasonable expectations of the Defendant.

13. Plaintiff's job at Defendant gave him the ability to be independent, to work, and to feel like he was contributing just like any other young man.

14. After Plaintiff missed a few days of work due to his disabilities, including hospitalization, Defendant drastically reduced his work hours, ultimately reducing his schedule to one day every two weeks.

15. In order for Plaintiff to work at all, he had to pick up shifts from other employees to make up for the lost income.

16. While Plaintiff was working at Defendant over the weekend of July 23rd and 24th, 2022, he was restocking a toy pop gun in his department, when the toy gun went off accidentally with a loud "pop."

17. The loud "pop" startled a nearby female customer, who began yelling at Plaintiff and threatening him.

18. Plaintiff backed away from the customer and repeatedly apologized to avoid any confrontation.

19. After the "pop" incident, Plaintiff's supervisors took him to a room and interrogated Plaintiff in intimidating fashion, harassing him because of his disabilities and accusing him of wrongdoing, despite having video evidence supporting Plaintiff's account of events.

20. Defendant did not call the police at the time of the "pop" incident, but they suspended

Plaintiff from work for one week.

21. Defendant brought Plaintiff back to work on July 26, 2022, only to terminate his employment and demand that Plaintiff leave the premises immediately.

22. Plaintiff was confused and tried to keep working at his job, but Defendant called the police and had Plaintiff removed from Defendant's workplace without further incident.

23. Plaintiff filed an employment discrimination complaint on March 21, 2023 against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 443-2022-02881, and cross-filed with the. Wisconsin Equal Rights Division.

24. The EEOC issued a Notice of Right to Sue on this charge on September 29, 2025.

25. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

**FIRST CLAIM FOR RELIEF — ADAAA DISCRIMINATION & RETALIATION**

26. Plaintiff realleges and incorporates paragraphs 1-25 of this complaint by reference.

27. Defendant discriminated against Plaintiff based on his disability in the terms and conditions of his employment by refusing to accommodate his known disability, retaliating against him, and in terminating his employment, in reckless disregard of his federally protected rights under the ADAAA, 42 U.S.C. § 12101 *et seq*.

28. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, physical pain and suffering, and severe emotional distress. These damages continue into the present and will continue into the foreseeable future.

**SECOND CLAIM FOR RELIEF — REHAB ACT DISCRIMINATION & RETALIATION**

29. Plaintiff realleges and incorporates paragraphs 1-28 of this complaint by reference.

30. Defendant discriminated against Plaintiff based on his disability in the terms and conditions of his employment, by refusing to accommodate his known disability, retaliating against him, and in terminating his employment, in reckless disregard of his federally protected rights under the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 794, *et seq.*

31. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, physical pain and suffering, and extreme emotional distress. These damages continue into the present and will continue into the foreseeable future.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, pre-judgment and post-judgment interest, compensatory and punitive damages, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 42 U.S.C. § 12117, 29 U.S.C. § 2617, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE.**

Dated this 26th day of December, 2025.

                              HEINS EMPLOYMENT LAW PRACTICE LLC
                              Counsel for the Plaintiff

                              *s/ Janet L. Heins*
                              Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI  53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com

6